# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PRANAV BHATTACHARYA, et al., ) <br> ) <br> Plaintiffs,  ) <br> ) <br> vs.  ) <br> ) <br> CAPGEMINI NORTH AMERICA, INC. ) <br> and CAPGEMINI FINANCIAL  ) <br> SERVICES USA, INC.,  ) <br> ) <br> Defendants.  ) | Case No. 16 C 7950 |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Pranav Bhattacharya and Navaneetha Koothapillai have filed suit on behalf of themselves and others similarly situated against Capgemini North America, Inc. and Camgemini Financial Services USA, Inc. for alleged violations of the Employee Retirement Income Security Act (ERISA). Plaintiffs are Indian nationals who worked for one or both of the defendants in the United States and participated in the defendant's group medical insurance plan. They allege that defendants had a "common scheme" to regularly transfer them and others to Capgemini India Private Limited, or to terminate them, when a project ended or there was not enough work. When more work became available, they would transfer the plaintiffs and others back to the defendant entities. Plaintiffs allege that upon making these transfers, defendants failed to provide them with the summary plan description (SPD) for the health insurance plan as well as the necessary notice of plaintiffs' right to seek continuation coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) upon termination. Plaintiff also allege that defendants failed to notify the plan administrator of COBRA-qualifying events.

Plaintiffs assert four claims under ERISA. In count 1, they allege that defendants—who plaintiffs allege are the plan administrator—failed to provide them with an SPD as required by 29 U.S.C. § 1024 (the complaint does not cite a specific subsection). In count 2, plaintiffs allege that defendants failed to provide them, at the

time of commencement of coverage under the health plan, with written notice of their rights under COBRA, as required by 29 U.S.C. § 1166(a)(1).  In count 3, plaintiffs allege that defendants failed to notify the plan administrator of "qualifying events" triggering COBRA coverage and failed to notify them of their right to elect COBRA coverage, in violation of 29 U.S.C. § 1166(a)(2) & (4).  Finally, in count 4, plaintiffs allege that defendants violated 29 U.S.C. § 1161, which requires a sponsor of a group health plan to provide each qualified beneficiary who would lose health coverage due to a qualifying event with the right to elect COBRA coverage.  Plaintiffs' complaint also contains a section entitled "prayer for relief" in which plaintiffs seek an injunction requiring compliance with various ERISA requirements; an order requiring reimbursement for medical expenses incurred and insurance premiums paid during periods when they should have been covered; and statutory penalties of $110 per day for failure to provide a summary plan description as required by 29 U.S.C. § 1024 and the notice required by 29 U.S.C. § 1166(a)(4), as well as to each beneficiary who would have been entitled to COBRA notice; and attorney's fees and costs.

Defendants have moved to dismiss each of plaintiffs' claims.  The Court rules as follows.

1. With regard to count 1, defendants are correct that statutory penalties under 29 U.S.C. § 1132(c)(1), the only monetary remedy that defendants specifically request, do not apply generally to violations of 29 U.S.C. § 1024 but rather apply only where an administrator "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary."  29 U.S.C. § 1132(c)(1)(B).  Plaintiffs appear by their response to the motion to dismiss to rely on 29 U.S.C. § 1024(b)(1), which requires an administrator to furnish an SPD on his own upon certain triggering events, not on § 1024(b)(4), which requires an administrator to provide an SPD (and other types of materials) upon a written request by a plan participant or beneficiary.  Thus it appears that plaintiffs are not entitled to statutory penalties under § 1132(c)(1) based on the administrator's failure to provide the SPD in the first instance, and they do not allege that there was a written request triggering the administrator's duty under § 1024(b)(4).  Thus plaintiffs are not entitled to statutory penalties under count 1 in its current form.

2. The Court overrules defendants' argument that all of plaintiffs' claims should be dismissed for failure to name the plan administrator, but with a caveat. Defendants have attached to their motion a purported SPD that contains the following language:

**PLAN ADMINISTRATOR:**

Peter Kornowske

Capgemini Financial Services
6400 Shafer Court, Ste 100
Rosemont, IL  60018
847-384-6161

Because the ERISA requirements cited by plaintiffs fall on the plan administrator (except for the requirement under 29 U.S.C. § 1161 to provide COBRA continuation coverage, a duty owed by the "plan sponsor"), defendants say that plaintiffs have to name Kornowske. The wording of the document provided by defendants—assuming it is authoritative, an assumption the Court is not prepared to make at this point—is ambiguous enough to suggest that the plan administrator may be Kornowske alone or may be *both* Kornowske *and* Capgemini Financial Services, an entity that plaintiffs have named as a defendant. At some point, one assume, the ambiguity will be resolved. To avoid problems later, plaintiffs would be well advised to amend their complaint to include Kornowske as a defendant.

3. With regard to counts 1 through 4, defendants also argue that "procedural" violations of ERISA like those alleged entitle a plaintiff to monetary relief only if the plaintiff can show bad faith, active concealment, or prejudice. That does not appear to be accurate. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583 (7th Cir. 2011), which defendants themselves cite, appears to treat these as factors to be considered in deciding whether to impose penalties, not prerequisites for stating a claim in the first instance. *See id.* at 589-90.[1] But plaintiffs should consider, if they seek to amend their complaint, whether they can and should allege bad faith, concealment, and/or prejudice—which they have not alleged in the current version of their complaint.

---

[1] Actual damages, one would assume, are available only if one can establish them.

3

4. Defendants' final contention is that plaintiffs cannot seek injunctive or equitable relief under 29 U.S.C. § 1132(a)(3) because they have a remedy under § 1132(a)(1). All or virtually all of the cases defendants cite, however, are cases in which the plaintiff was seeking to recover improperly denied benefits under § 1132(a)(1)(B). The courts stated that there was no need for reliance on § 1132(a)(3), ERISA's catch-all remedial provision, when ERISA elsewhere provides adequate relief for the particular type of violation. *See, e.g., Nemitz v. Metro. Life Ins. Co.*, No. 12 C 8039, 2013 WL 3944292, at *3 (N.D. Ill. July 31, 2013); *id.* at *4 ("[W]here § 502(a)(1)(B) provides adequate relief, identical relief is not available under § 502(a)(3). This means an ERISA plaintiff is not permitted to "repackage" a denial of benefits claim as a § 502(a)(3) claim."). That's not what is going on here; plaintiffs are not asserting a claim for denial of benefits under § 1132(a)(1)(B) and are not, at least at this point, otherwise trying to repackage a claim for damages as a claim for equitable relief. The Court sees no basis to strike the request for injunctive relief at this juncture of the case.

For the reasons stated above, the Court denies defendants' motion to dismiss but rules that plaintiffs are not entitled to statutory penalties on count 1 of their complaint in its current form. The case remains set for a status hearing on December 5, 2016 as previously ordered.

Date: December 4, 2016

_____
MATTHEW F. KENNELLY
United States District Judge

4