IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRANAV BHATTACHARYA and NAVANEETHA KOOTHAPILLAI, individually and for all others similarly situated, | ) ) ) ) Case No. 1:16-cv-7950 |
| Plaintiffs, | ) ) Honorable Matthew F. Kennelly |
| v. | ) ) Magistrate Judge Honorable ) M. David Weisman |
| CAPGEMINI NORTH AMERICA, INC., CAPGEMINI FINANCIAL SERVICES USA, INC. and PETER KORNOWSKE, | ) ) ) JURY TRIAL DEMANDED |
| Defendants. | ) ) |

## FIRST AMENDED CLASS ACTION COMPLAINT

Named Plaintiffs, Pranav Bhattacharya and Navaneetha Koothapillai (collectively "Plaintiffs"), individually and on behalf of all those similarly situated, by and through their counsel, bring claims as a Class Action under the Federal Rules of Civil Procedure, Rule 23 and pursuant to sections 502(a)(1) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 *et seq.* ("ERISA"), against Defendants, their subsidiaries and affiliates, and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

### NATURE OF THE ACTION

1. Plaintiffs and putative class members are Indian nationals who have worked for one or more of the Defendants in the United States during the past two years and participated in Defendants' Group Health Plan.

2. Plaintiffs and putative class members were eligible to participate in Defendants' Group Health Plan, which provides medical benefits to employees of the Defendants and their families

as beneficiaries directly, through insurance, reimbursement or otherwise. Defendants' Group Health Plan is an employee welfare benefit plan and a group health plan within the meaning of ERISA §3(1), 29 U.S.C. §1002(1) and ERISA §607(1), 29 U.S.C. §1167(1), respectively.

3. Pursuant to its common scheme, Defendants would terminate Plaintiffs and other putative class members when a project ended or there was not enough billable work in the United States. Often times, shortly after termination, Plaintiffs and class members were offered work, often times in India, by Capgemini India Private Limited (hereinafter referred to as "Capgemini India"), a foreign corporation and separate entity from Defendants.[1] When new billable projects were initiated and/or demand increased, Defendants would re-hire Plaintiffs and, if necessary, transfer them back from India to Capgemini N.A., Inc., Capgemini Financial Services U.S., or another Capgemini entity in the United States. Defendants terminated Plaintiffs and other class members without any regard for their rights under ERISA.

4. Specifically, when hiring and/or firing Plaintiffs and other putative class members Defendants: failed to provide Plaintiffs and putative class members with a copy of Capgemini's Group Health Plan Summary Plan Description at the time of enrollment, as is required by ERISA §104(b)(1), 29 U.S.C. §1024(b)(1); failed to provide the appropriate notice of Plaintiffs' right to elect continuation coverage under the Omnibus Budget Reconciliation Act of 1985 ("COBRA") at the time of termination or other qualifying event(s); and failed to notify the Group Health Plan Administrator (alleged here also to be Capgemini) of the COBRA qualifying events described in ERISA §603, 29 U.S.C. §1163.

5. Defendants' targeting of Plaintiffs and class members, namely Indian nationals, and its failure to comply with its COBRA obligations was done in bad faith and complete disregard for

---

[1] This practice hiring Plaintiffs and class members to work for Capgemini India is often referred to as "benching."

the rights and protections of Plaintiffs, their families and other beneficiaries. Defendants' failure to provide statutorily required COBRA notices and coverage prejudiced Plaintiffs and other class members and their families by preventing them from exercising their rights to COBRA coverage and depriving them of necessary health coverage to which they were entitled to by law.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and pursuant to ERISA §502(a), 29 U.S.C. §1132(e)(1).

7. This Court has personal jurisdiction over the Defendants because Capgemini, and similarly the Capgemini Group Health Plan, transact business in, and have significant contacts with, this District and because ERISA provides for nationwide service of process. ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

8. Venue is proper is this District pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because (a) the Plan is administered in this District, (b) some or all of the violations of ERISA took place in this District, and/or (c) the Defendants may be found in this District.

9. Venue is also proper in this District pursuant to 28 U.S.C. §1391 because Defendants systematically and continuously conduct business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## PARTIES

10. Named Plaintiff, Pranav Bhattacharya, is an Indian national, a lawful, permanent resident of the United States and a former employee of Defendants who was a participant in Capgemini's Group Health Plan during the past two years. Bhattacharya is and was a qualified beneficiary of the Plan within the meaning of ERISA §607(3), 29 U.S.C. §1167(3). Additionally, because he

has a colorable claim for benefits under Capgemini's Group Health Plan, he continues to be a participant in the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7).

11. Named Plaintiff, Navaneetha Koothapillai, is an Indian national and former employee of Defendants who was also a participant in Capgemini's Group Health Plan during the past two years. Koothapillai is and was a qualified beneficiary of the Plan within the meaning of ERISA §607(3), 29 U.S.C. §1167(3). Additionally, because he has a colorable claim for benefits under the Plan, he continues to be a participant in the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7).

12. Defendant, Capgemini North America, Inc., (hereinafter referred to as "Capgemini" or "Defendant") is a management consulting corporation that provides consulting, technology and outsourcing services to its clients in the United States and globally. Capgemini maintains the company's group health plan and is the administrator and sponsor of the Plan within the meaning of ERISA §3(16)(A)-(B), 29 U.S.C. §1002(16)(A)-(B).

13. Defendant, Capgemini Financial Services USA, Inc. ("CGFS or "Defendant") is a subsidiary of Capgemini based in Rosemont, Illinois. CGFS provides management, consulting and implementation services to financial institutions across the United States. CGFS maintains the company's group health plan and is the administrator and sponsor of the Plan within the meaning of ERISA §3(16)(A)-(B), 29 U.S.C. §1002(16)(A)-(B).

14. Defendant, Peter Kornowske ("Kornowske"), at all relevant times, was an employee of Capgemini Financial Services and had personal responsibility for administrating Capgemini's Group Health Plan, including providing certain notices of COBRA coverage and qualifying events as required under the terms of ERISA. Kornowske, along with Capgemini and CGFS, is the administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C. §1002(16)(A).

**FACTUAL BACKGROUND**

15. Defendants provided its employees, including Plaintiffs and putative class members, with health care coverage through its Group Health Plan. Defendants provided Plaintiffs with information that generally described the benefits available under the different insurance plans, but did not reference Capgemini's Group Health Plan, or otherwise meet the requirements of a Summary Plan Description, as outlined in ERISA §102, 29 U.S.C. §1022. Upon information and belief, Defendants have not provided a Summary Plan Description to Plaintiffs or their beneficiaries covered under Capgemini's Group Health Plan, in direct violation of ERISA.

16. Plaintiff, Pranav Bhattacharya, was employed intermittently by Defendants as a project manager from October 2009 to June 2016, participated in Capgemini's Group Health Plan and received coverage benefits.

17. Throughout his seven years of employment, Defendants terminated Mr. Bhattacharya when a project was completed or there was not enough billable work. After his terminations, Mr. Bhattacharya was offered work in India by Capgemini, India. When a new project started and/or the demand for billable work increased in the United States, Defendants offered Mr. Bhattacharya work in the previous role he held before being fired. Within the past year, Mr. Bhattacharya was terminated from CGFS (and subsequently hired by Capgemini India) in December 2015, re-hired by CGFS in April 2016, terminated (and subsequently hired by Capgemini India) in May 2016 and terminated outright on June 9, 2016. Each instance in which he was terminated from CGFS was a qualifying event under ERISA. Similarly, each time he was re-hired by Capgemini and/or CGFS, it triggered notice of Defendants' Summary Plan Description as required under ERISA.

18.     During the statutory period, Defendants failed to provide Mr. Bhattacharya a copy of the Summary Plan Description in direct violation of ERISA. Similarly, Defendants failed to provide Mr. Bhattacharya the appropriate notice concerning his COBRA benefits, even though he, his spouse and children (other dependents) were eligible for such coverage, in direct disregard of their rights and in violation of ERISA. Defendants' failure to provide proper notice and subsequent coverage prejudiced Plaintiff by preventing him and his family from exercising their rights to COBRA coverage and depriving them of necessary health coverage to which they were entitled to by law.

19.     Plaintiff, Navaneetha Koothapillai, was employed by Defendants from December 2003 until June 2016, participated in Capgemini's Group Health Plan and received coverage benefits.

20.     Throughout his 13 years of employment, Defendants terminated Mr. Koothapillai when a project was completed or there was not enough billable work. After his terminations, Mr. Koothapillai was offered work in India by Capgemini, India. When a new project started and/or the demand for billable work increased in the United States, Defendants offered Mr. Koothapillai work in the previous role he held before being terminated. In approximately December 2012, Mr. Koothapillai moved to the United States with his family, upon re-hire by Defendants, and worked on a project for approximately two and one-half years, which ended in approximately May 2015. In the interim period, from May 18, 2015 through June 4, 2015, while attempting to be assigned a new project, Mr. Koothapillai was hired by Capgemini India and placed on its payroll, without ever leaving the United States. On June 5, 2016, Mr. Koothapillai was re-hired by CGFS, but was denied his full compensation upon refusing to submit U.S. on-boarding paperwork required when being re-hired by Defendants, even though he never left the United States. Each instance in which he was terminated from CGFS was a qualifying event under

ERISA. Similarly, each time he was re-hired by Capgemini and/or CGFS, it triggered the notice requirement of Defendants' Summary Plan Description.

21. During the statutory period, Defendants failed to provide Mr. Koothapillai with a copy of the Summary Plan Description in direct violation of ERISA. Similarly, Defendants failed to provide Mr. Koothapillai the appropriate notice concerning his COBRA benefits, even though he, his spouse and children (other dependents) were eligible for such coverage, in direct disregard of their rights and in violation of ERISA.[2] Defendants' failure to provide proper notice and subsequent coverage prejudiced Plaintiff by preventing him and his family from exercising their rights to COBRA coverage and depriving them of necessary health coverage to which they were entitled to by law.

## CLASS ALLEGATIONS

22. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class of persons similarly situated:

> All current and former employees of Defendants who are Indian nationals who elected coverage provided by Capgemini's Group Health Plan, together with their spouses and other covered dependents who were participants or beneficiaries of Capgemini's Group Health Plan, at any time during the relevant time period, who did not receive proper COBRA notice and/or coverage in violation of ERISA.

### Numerosity

23. The exact number of Class members is unknown to Plaintiffs at this time, but may be readily determined from records maintained by Defendants. Capgemini currently employs thousands of individuals. Upon information and belief, many of those persons are likely members of the Class, and thus the Class is so numerous that joinder of all members is impracticable.

---

[2] Mr. Koothapillai, like Mr. Bhattacharya, was most concerned with making sure their families (beneficiaries) were protected with COBRA coverage.

7

**Commonality**

24. The issues regarding liability in this case present common questions of law and fact, with answers that are common to all members of the Class, including:

   a. Whether Capgemini's Group Health Plan is a group health plan within the meaning of ERISA §607(1), 29 U.S.C. §1167(1).

   b. Whether Defendants failed to provide continuation coverage to participants of Capgemini's Group Health Plan who elected coverage under Capgemini Group Health Plan.

   c. Whether Defendants violated ERISA §601, 29 U.S.C. §1161, when it failed to provide continuation coverage to participants of Capgemini's Group Health Plan who elected coverage under the plan.

   d. Whether Defendants, as the Plan Administrator, of Capgemini's Group Health Plan violated the COBRA notice provisions of ERISA §606(a)(1) and (4), 29 U.S.C. §1166(a)(1) and (4).

   e. Whether Defendants, as the Plan Administrator, failed to provide participants, who elected coverage with Capgemini Group Health Plan, with a Summary Plan Description, as required by ERISA §104(b)(1), 29 U.S.C. §1024(b)(1).

   f. Whether Defendants treated Plaintiffs and other Indian nationals differently than other employees.

   g. Whether Defendants' violations were made in bad faith.

   h. Whether members of the Class are entitled to statutory penalties under ERISA §502(c)(1), 29 U.S.C. §1132(c)(1), for the failure to give notice of COBRA rights and for the failure to provide participants with a Summary Plan Description.

8

## Typicality

25. Plaintiffs' claims are typical of the claims of the other members of the Class because they were participants in Capgemini's Group Health Plan who elected coverage under Capgemini's Group Health Plan, were entitled to a Summary Plan Description and notice of COBRA rights, were entitled to elect COBRA coverage and are seeking enforcement of COBRA rights on behalf of themselves and members of the Class.

26. Plaintiffs' claims are also typical of the claims of the other members of the Class because to the extent Plaintiffs seek monetary relief, it is for civil fines to the Class that are the same statutory daily amount for each Class member.

27. Defendants do not have any defenses unique to Plaintiffs' claims that would make Plaintiffs' claims atypical of the remainder of the Class.

## Adequacy

28. Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class.

29. Plaintiffs do not have any interests antagonistic to or in conflict with the interests of the Class.

30. Defendants have no unique defenses against the Plaintiffs that would interfere with Plaintiffs' representation of the Class.

31. Plaintiffs have engaged counsel with extensive experience prosecuting class actions in general and ERISA class actions in particular.

9

**Rule 23(b)(1) Requirements**

32. The requirements of Rule 23(b)(1)(A) are satisfied because prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants.

33. The requirements of Rule 23(b)(1)(B) are satisfied because adjudications of these claims by individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede the ability of other members of the Class to protect their interests.

**23(b)(2) Requirements**

34. Class action status is also warranted under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

**23(b)(3) Requirements**

35. Additionally and alternatively, the requirements of Rule 23(b)(3) are met because the questions of law and/or fact set forth above are not only common, but will predominate over any individual questions in this action. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**
**(VIOLATION OF ERISA §104(b)(1), 29 U.S.C. §1024(b)(1))**

36. Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth herein.

37. ERISA §104(b)(1), 29 U.S.C. §1024(b)(1), requires a plan administrator to provide each participant and each beneficiary receiving benefits under a plan with a Summary Plan Description as described in ERISA §102, 29 U.S.C. §1022.

10

38. Defendants, as Capgemini's Group Health Plan Administrator, failed to provide each participant and beneficiary receiving coverage benefits under Capgemini's Group Health Plan with a Summary Plan Description in direct violation of ERISA §104(b)(1), 29 U.S.C. §1024(b)(1).

## COUNT II
### (VIOLATION OF ERISA §606(a)(1), 29 U.S.C. §1166(a)(1))

39. Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. ERISA §606(a)(1), 29 U.S.C. §1166(a)(1), requires a group health plan, at the time of commencement of coverage under the plan, to provide written notice to each covered employee and spouse of the employee (if any) of their rights under COBRA. Pursuant to C.F.R. §2590.606-1(a), the plan administrator is required to provide this notice.

41. Defendants, as Capgemini's Group Health Plan Administrator, failed to provide, at the commencement of coverage under the Plan, written notice to each covered employee and spouse of the employee (if any) of their rights under COBRA in direct violation of ERISA §606(a)(1), 29 U.S.C. §1166(a)(1).

## COUNT III
### (VIOLATION OF ERISA §606(a)(2) & (4), 29 U.S.C. §1166(a)(2) & (4))

42. Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth herein.

43. ERISA §606(a)(2), 29 U.S.C. § 1166(a)(2), requires an employer of an employee under a group health plan to notify the administrator of qualifying events described in paragraphs (1), (2), (4) or (6) of ERISA §603, 29 U.S.C. §1163, within 30 days of the date of the qualifying event.

44. ERISA §606(a)(4), 29 U.S.C. §1166(a)(4), requires an administrator of a group health plan, at the time of a qualifying event, to notify any qualified beneficiary of the beneficiary's right to elect COBRA coverage.

45. Defendants, as both the employer of Plaintiffs under Capgemini's Group Health Plan and as the Administrator of the Group Health Plan, were aware of the qualifying events described in ERISA §603, 29 U.S.C. §1163, and therefore had a duty to notify any qualified beneficiary of his or her right to elect COBRA coverage as required by ERISA §606(a)(4), 29 U.S.C. §1166(a)(4).

46. Defendants, as the Capgemini Group Health Plan Administrator, failed to provide, at the time of qualifying events, written notice to qualified beneficiaries of their rights under COBRA in direct violation of ERISA §606(a)(2) and (4), 29 U.S.C. §1166(a) (2) and (4).

## COUNT IV
### (VIOLATION OF ERISA §601, 29 U.S.C. §1161)

47. Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth herein.

48. ERISA §601, 29 U.S.C. §1161, requires a plan sponsor of a group health plan to provide that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within an election period, continuation coverage under the plan.

49. Defendants, as the sponsor of Capgemini's Group Health Plan, failed to provide that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled to elect continuation coverage. Defendants therefore failed to provide COBRA coverage to Plaintiffs and beneficiaries in violation of ERISA §601, 29 U.S.C. §1161.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgement against Defendants on each Count of the Complaint and the following relief:

(1) An injunction requiring:

  a. Defendants, as the Capgemini Group Health Plan sponsor, to amend Capgemini Group Health Plan to comply with COBRA;

  b. Defendants, as the Capgemini Group Health Plan Administrator, to allow Named Plaintiffs and members of the Class to elect COBRA coverage retroactive to the eligibility date;

  c. The appointment of an independent administrator to administer COBRA benefits under the Capgemini Group Health Plan;

  d. Defendants, as the Capgemini Group Health Plan Administrator, to provide each covered employee and spouse of the covered employee with written notice of their rights provided under COBRA as required by ERISA §606(a)(1), 29 U.S.C. §1166(a)(1);

  e. Defendants, as the employer of employees covered under Capgemini's Group Health Plan, to provide the Administrator with notice of any qualifying event that occurred during the past two years as required by ERISA §606(a)(2), 29 U.S.C. §1166(a)(2); and

  f. Defendants, as the Capgemini Group Health Plan Administrator, to provide the notice required by ERISA §606(a)(4), 29 U.S.C. §1166(a)(4), to each qualified beneficiary during the past two years of the rights provided under COBRA.

(2) An order requiring Defendants, as Capgemini's Group Health Plan Administrator, to reimburse all qualified beneficiaries for:

  a. medical expenses incurred during the time period that otherwise would have been covered by the Capgemini Group Health Plan; and

  b. insurance premiums they have paid for medical insurance during the time period that they would have been covered by the Capgemini Group Health Plan, had they been given the opportunity to elect continuing coverage.

(3) An order requiring Defendants, as the Capgemini Group Health Plan Administrator, to pay penalties of $110 per day to:

      a. each covered employee and spouse of such employee from the date of commencement of coverage under the Capgemini Group Health Plan until the present for the failure to provide the notice required by ERISA §606(a)(1), 29 U.S.C. §1166(a)(1); and

      b. each qualified beneficiary from the date notice was required of a qualifying event until the present under ERISA §606(a)(4), 29 U.S.C. §1166(a)(4).

(4) Attorneys' fees and costs under ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

(5) Other such and further relief as the Court deems appropriate.


Date: August 8, 2016                                   Respectfully Submitted,

                                                            */s/ Ryan F. Stephan*_____
                                                            Ryan F. Stephan
                                                            James B. Zouras
                                                           Catherine T. Mitchell
                                                           Stephan Zouras, LLP
                                                           205 N Michigan Avenue
                                                           Suite 2560
                                                           Chicago, Illinois 60601
                                                           312-233-1550
                                                           rstephan@stephanzouras.com

                                                           **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on December 9, 2016, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                                                             */s/ Ryan F. Stephan*